LAW OFFICE OF DONALD F. BURKE
45 GALE ROAD
BRICK, NEW JERSEY 08723
TEL: (732) 966-4922
ATTORNEYS FOR PLAINTIFF
GREGORY SHERRILL

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| GREGORY SHERRILL,      Plaintiff, : v. : CITY OF HOBOKEN, DAWN ZIMMER, : JOHN MORGAN, HECTOR MOJICA, TIA : BRYANT, MELLISSA LONGO, JON : TOOKE, MICHAEL KORMAN, QUENTIN : WIEST, KIMBERLEY WILSON, NITA : RAVAL and JOHN DOES 1-10 (who are : fictitiously named because their true : identities are unknown), :      Defendants. : | CIVIL ACTION NO.: 16-03092 (ES-MAH) THIRD AMENDED COMPLAINT AND JURY DEMAND |

Plaintiff GREGORY SHERRILL, a resident of the City of Hoboken, County of Hudson, State of New Jersey, through his undersigned attorney DONALD F. BURKE, ESQ., by way of THIRD AMENDED COMPLAINT against defendants, states as follows:

**PARTIES**

1.     Plaintiff GREGORY SHERRILL is an African American gay man who is a citizen of the State of New Jersey and was employed by defendant CITY OF HOBOKEN as a Parking Enforcement Officer in the Transportation and Parking Department until his wrongful termination on April 30, 2014.

2.     Defendant CITY OF HOBOKEN is a municipality in the County of Hudson, State of New Jersey with an area of approximately 2.11 square miles and a population of approxi-

mately 50,000 persons.

3.      Defendant DAWN ZIMMER is the Mayor of the CITY OF HOBOKEN and is responsible for enforcing the Charter and Ordinances of the City and all applicable state laws and for supervising and controlling all departments of City government.

4.      Defendant JOHN MORGAN is employed by defendant CITY OF HOBOKEN as Director of Transportation and Parking and managed plaintiff GREGORY SHERRILL's workplace.

5.      Defendant HECTOR MOJICA is employed by defendant CITY OF HOBOKEN and at all times relevant hereto he held the position of Supervisor of Parking Enforcement Officers and he supervised plaintiff GREGORY SHERRILL's workplace.

6.      Defendant TIA BRYANT is employed by defendant CITY OF HOBOKEN as a Parking Enforcement Officer and was a co-worker of plaintiff GREGORY SHERRILL prior to MR. SHERRILL'S wrongful termination.

7.      Defendant MELLISSA LONGO was, at all relevant times, Corporation Counsel for defendant CITY OF HOBOKEN and is responsible for advising the Mayor, Directors, and City Council of defendant CITY OF HOBOKEN regarding legal matters and managing the legal department.

8.      Defendant JON TOOKE was, at all relevant times, an employee of defendant CITY OF HOBOKEN and presided at the hearing preceding plaintiff's termination.

9.      Defendant MICHAEL KORMAN was, at all relevant times, Personnel Officer for the CITY OF HOBOKEN and interfered with plaintiff's ability to collect unemployment benefits after he was wrongfully terminated.

10.     Defendant QUENTIN WIEST was, at all relevant times, the Business Administrator of

the City of Hoboken and part of the Administrative Review Panel responsible for the Affirmative Action Complaint Process and Procedures.

11.     Defendant MELLISSA LONGO, as Corporation Counsel for defendant CITY OF HOBOKEN, was a member of the Administrative Review Panel responsible for Affirmative Action Complaint Process and Procedures.

12.     Defendant KIMBERLEY WILSON was, at all relevant times, an attorney working in defendant CITY OF HOBOKEN's Office of Corporation Counsel reporting to defendant MELLISSA LONGO as Corporation Counsel and was the defendant CITY OF HOBOKEN's Affirmative Action Officer responsible for conducting an immediate, thorough and professional investigation of the complaints made by plaintiff on April 9, 2014 and April 24, 2014.

13.     Defendant NITA RAVAL was defendant CITY OF HOBOKEN's Affirmative Action Officer as of August 2014 and was responsible for conducting an immediate, thorough and professional investigation of the complaints made by plaintiff on April 9, 2014 and April 24, 2014.

14.     Defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL have each been delegated responsibility to monitor, execute and enforce defendant CITY OF HOBOKEN's anti-discrimination policies at times relevant hereto.

15.     Defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL are each responsible for formulating defendant CITY OF HOBOKEN's anti-discrimination/anti-retaliation policies and for monitoring and/or enforcing compliance

programs and insisting on performance of such programs.

16.     Defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL are each responsible for executing defendant CITY OF HOBOKEN's policies in the workplace, setting the atmosphere and/or controlling the day-to-day operations of the plaintiff's work-place.

17.     Defendants JOHN DOES 1-10 are individuals who engaged in wrongful and discrimi-natory conduct towards plaintiff whose true identities are unknown but may be revealed through discovery including others on the Affirmative Action Panel who failed to properly investigate and respond to plaintiff's complaints of discrimination, retaliation and harass-ment.

18.     All defendants are named herein in their official and individual capacities for discrim-inatory and retaliatory conduct in violation of the New Jersey Law Against Discrimination, the New Jersey Civil Rights Act, the New Jersey Constitution and the common law.

## JURISDICTION

19.     The court has subject-matter jurisdiction over the instant lawsuit, as this action arises under the New Jersey Law Against Discrimination (NJLAD), N.J.S.A. §§ 10:5-1 to -49, the New Jersey Constitution, the New Jersey Civil Rights Act (NJCRA), N.J.S.A. §§ 10:6-1 to -2, 42 U.S.C. § 1983 and other applicable causes of action.

20.     The acts complained of that are attributable to the defendants all occurred within the jurisdiction of this court.

## FACTS APPLICABLE TO ALL CLAIMS

21.    Plaintiff GREGORY SHERRILL was employed by defendant CITY OF HOBOKEN as a Parking Enforcement Officer from February 1, 2011 until his wrongful termination on April 30, 2014.

22.    The CITY OF HOBOKEN has had an Employee Handbook since October 15, 2003, adopted by Resolution of the City of Hoboken, which states discrimination on the grounds of, among other things, race, color, sex, affectional or sexual orientation is prohibited.

23.    Defendant CITY OF HOBOKEN has a written Affirmative Action/Anti-Harassment Policy which was in effect at all times relevant to this Complaint which states: "All employees are entitled to work in an environment free from all forms of unlawful discrimination and conduct which can be considered harassing, coercive or disruptive, including sexual harassment. Discrimination and harassment in the workplace will not be tolerated by the City."

24.    Defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy which became effective on September 12, 2012 provides:

> Each employee in city government is entitled to work in an environment free from discrimination of any kind [because] [h]arassment demeans and demoralizes the individual, undermines the employment relationship and reduces productivity in the workplace. Workplace harassment will not be tolerated.

25.    Defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy also states that "managerial and supervisory employees have an obligation to set the tone for a workplace environment that is free from harassment."

26.    Thus, pursuant to defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy, managerial and supervisory employees are delegated responsibility to

monitor, execute and enforce the employer's policies to ensure a safe, productive and dis-crimination-free workplace.

27.     Defendant HECTOR MOJICA, at all relevant times, supervised plaintiff GREGORY SHERRILL's workplace.

28.     Defendant JOHN MORGAN, at all relevant times, was a manager of plaintiff GREGORY SHERRILL's workplace.

29.     Not only do managerial and supervisory employees have an obligation to set the tone for a workplace environment that is free from discrimination, harassment and retaliation pursuant to defendant CITY OF HOBOKEN's Affirmative Action/Anti-Harassment Policy, defendant CITY OF HOBOKEN's Affirmative Action/Anti-Harassment Policy imposes on a manager or supervisory employee the obligation to take "PROMPT" action once notified of any conduct violating the policy.

30.     The City of Hoboken's Affirmative Action/Anti-Harassment Policy directs and en-courages employees who believe that they have been subjected to discrimination or harass-ment to promptly report all alleged incidents of sexual harassment to their supervisor.

31.     Defendant CITY OF HOBOKEN's Affirmative Action Policy provides at page 4:

> Ultimate responsibility for responding to a complaint and, if warranted, taking appropriate remedial action rests with Affirmative Action Review Panel which consists of the Business Administrator or his/her designee, Corporation Counsel or his/her designee and the Director of the Department or his/her designee which employs the alleged harasser, unless there is a conflict.
>
> * * * *
>
> These individuals are obligated to ensure that the workplace environment is free from harassment. The Affirmative Action Review Panel is required to en-sure that there is a prompt and thorough investigation of all complaints, as re-quired by law, by establishing the City's internal procedural steps to effectively address this need.

6

32.    Defendant HECTOR MOJICA has engaged in harassing and retaliatory conduct of employees he supervises, including harassing plaintiff GREGORY SHERRILL because of his sexual orientation; he has a reputation for engaging in such conduct.

33.    The defendant CITY OF HOBOKEN and the other defendants knew or should have known of the conduct, activities and reputation of defendant HECTOR MOJICA for discrimination, harassment and retaliation.

34.    Defendant HECTOR MOJICA's discrimination, harassment and retaliation was so severe and the failure of defendants to take appropriate remedial action so pronounced that Catherine Stewart, another Parking Enforcement Officer, brought a lawsuit against defendant CITY OF HOBOKEN, defendant HECTOR MOJICA and others for discrimination and harassment.

35.    The defendant CITY OF HOBOKEN and the other defendants knew or should have known of the conduct, activities and reputation of defendant HECTOR MOJICA for discrimination, harassment and retaliation because City of Hoboken Parking Enforcement Officer Catherine Stewart stated under oath on July 30, 2012 in Answers to Interrogatories in her case against the CITY OF HOBOKEN and defendant HECTOR MOJICA that:

> Sheila Anderson and Greggory Sherrill complained because they were being bullied by Hector Mojica and Vivian Delanzo. Mr. Mojica and Ms. Delanzo used to make inappropriate and discriminatory remarks about Greggory because of his sexual preferences and retaliated against Sheila by putting her in a less favorable position on and making her do her shift by foot instead of the using the camera van.

36.    Catherine Stewart also stated under oath in her Answers to Interrogatories dated July 30, 2012 that she heard defendant HECTOR MOJICA make fun of and make anti-gay remarks

about plaintiff GREGORY SHERRILL.

37.    Ms. Stewart stated the anti-gay remarks about plaintiff GREGORY SHERRILL happened "from August or September of 2011" to the time she certified to the truthfulness of her Answers to Interrogatories on July 30, 2012.

38.    Notwithstanding being aware of the inappropriate and discriminatory remarks defendant HECTOR MOJICA made about plaintiff GREGORY SHERRILL because of his sexual orientation, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL failed to take appropriate remedial action, leaving defendant HECTOR MOJICA in his supervisory position to continue his discrimination and harassment of plaintiff GREGORY SHERRILL and others.

39.    Defendants CITY OF HOBOKEN, DAWN ZIMMER and QUENTIN WIEST placed defendant JOHN MORGAN as Director of Transportation and Parking in charge of managing plaintiff GREGORY SHERRILL's workplace.

40.    Defendant JOHN MORGAN had been a manager/supervisor while employed by the Town of Westfield, New Jersey and managed and supervised, among others, Deborah Jorgensen.

41.    Deborah Jorgensen filed a lawsuit against defendant JOHN MORGAN and the Town of Westfield alleging discrimination, harassment and retaliation.

42.    At the time defendant CITY OF HOBOKEN hired defendant JOHN MORGAN, a background investigation was conducted.

43.    Notwithstanding the background investigation, defendants CITY OF HOBOKEN and

DAWN ZIMMER hired defendant JOHN MORGAN despite the fact he had been charged with discrimination, harassment and retaliation by a female employee he had supervised.

44.     Despite being aware of the inappropriate, discriminatory and retaliatory conduct defendant JOHN MORGAN engaged in prior to being hired or having constructive notice of such unlawful activity, defendants CITY OF HOBOKEN, DAWN ZIMMER, and QUENTIN WIEST (as a member of the search committee) hired and/or recommended hiring defendant JOHN MORGAN as Director of Transportation and Parking in charge of managing the workplace of plaintiff GREGORY SHERRILL and others.

45.     As Director of Transportation and Parking for defendant CITY OF HOBOKEN, defendant JOHN MORGAN continued his discriminatory, harassing and retaliatory behavior, now directed at employees in the City of Hoboken Department of Transportation and Parking.

46.     In fact, defendant JOHN MORGAN promoted defendant HECTOR MOJICA, someone with like views regarding discrimination, harassment and retaliation, to be a supervisor, when defendants knew or should have known of defendant HECTOR MOJICA's discrimination, harassment and retaliation.

47.     Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL knew or should have known that placing defendants JOHN MORGAN and HECTOR MOJICA in charge of the workplace would result in discrimination, harassment and retaliation and knew or should have known that plaintiff GREGORY SHERRILL was a victim of discrimination, harassment and retaliation at the hands of defendants JOHN MORGAN and

HECTOR MOJICA.

48.   Defendant CITY OF HOBOKEN's written, anti-discrimination, anti-harassment, anti-retaliatory policy was placed in the hands of defendant JOHN MORGAN and defendant HECTOR MOJICA resulting in a workplace culture of fear, intimidation, and retaliation against those who would report claims of discrimination, harassment and retaliation.

49.   Giving the power to enforce the CITY OF HOBOKEN's anti-discrimination, anti-harassment, anti-retaliatory policy to known discriminators/harassers/retaliators sends a message to women and minorities that the defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL are not serious about combating unlawful discrimination, harassment and retaliation despite the written in the CITY OF HOBOKEN's anti-discrimination policy.

50.   The lack of due care by defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL in acting to prevent a discriminatory, retaliatory and hostile work environment results in the vicarious liability of the employers under the NJLAD.

51.   Further, defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL failed to adequately monitor and effectively enforce the written policies of defendant CITY OF HOBOKEN prohibiting discrimination, harassment and retaliation.

52.   Defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy

Administrative Directive 2012-006 is "to investigate all such complaints thoroughly and promptly."

53.    Defendants CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 provides: "Primary responsibility for the intake and investigation of every civil rights complaint rests with the Affirmative Action Officer."

54.    Defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 imposes an obligation on the Affirmative Action Officer to report claims of discrimination to the Affirmative Action Panel and to thoroughly and promptly conduct an investigation and to notify the Affirmative Action Panel of the findings and make a recommendation for action.

55.    Defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 also provides that "It is an absolute violation of this policy to take reprisals against any person because he/she has filed a complaint, acted as a witness or provided assistance in the investigation. Any threats and/or other forms of intimidation against any party involved in the proceeding shall be cause for disciplinary action, including termination."

56.    On or about April 1, 2014, GREGORY SHERRILL filed a complaint pursuant to defendant CITY OF HOBOKEN's written Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 regarding discrimination engaged in by the Director of Parking and Transportation, defendant JOHN MORGAN.

57.    Defendant KIMBERLEY WILSON was the Affirmative Action Officer at the time of plaintiff GREGORY SHERRILL's April 1, 2014 discrimination complaint and assigned Com-

plaint Number AA-003-2012.

58.    Defendant CITY OF HOBOKEN's Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 provided that defendant KIMBERLEY WILSON was to notify the Affirmative Action Panel of plaintiff GREGORY SHERRILL's April 1, 2014 discrimination Complaint Number AA-003-2012.

59.    Defendant CITY OF HOBOKEN's Affirmative Action/Anti-Harassment Policy Administrative Directive 2012-006 provided that the Affirmative Action Panel consists of the Business Administrator or his/her designee, Corporation Counsel or his/her designee and the Director of the Department or his/her designee which employs the alleged harasser, unless there is a conflict.

60.    At all times relevant hereto, including when plaintiff GREGORY SHERRILL made the April 1, 2014 discrimination Complaint Number AA-003-2012, the Business Administrator was defendant QUENTIN WIEST, the Corporation Counsel was defendant MELLISSA LONGO and the Director of the Department was defendant JOHN MORGAN.

61.    On April 10, 2014, while plaintiff GREGORY SHERRILL was at work, a co-worker, defendant TIA BRYANT, made derogatory and offensive remarks to plaintiff GREGORY SHERRILL in reference to his sexual orientation.

62.    Defendant TIA BRYANT was "chirping" on their Nextel work phones that morning calling plaintiff GREGORY SHERRILL a "faggot" and making other disparaging remarks to and about plaintiff Gregory Sherrill.

63.    Defendant TIA BRYANT stated to plaintiff "you'll be lucky if you ever make it alive to see my age" referring to plaintiff dying of AIDS.

12

64.     Plaintiff GREGORY SHERRILL notified his supervisor, defendant HECTOR MOJICA, requesting prompt action to stop the harassment by defendant TIA BRYANT.

65.     Defendant HECTOR MOJICA advised plaintiff he would take action as plaintiff requested.

66.     Shortly thereafter, defendant TIA BRYANT called plaintiff GREGORY SHERRILL and threatened him with physical violence for reporting her discrimination and harassment to supervisor HECTOR MOJICA. Thereafter, defendant TIA BRYANT continued the hateful, homophobic attacks on plaintiff GREGORY SHERRILL, again calling him a faggot and telling him he will die of AIDS.

67.     Plaintiff GREGORY SHERRILL was understandably distraught and again notified his supervisor, defendant HECTOR MOJICA, of defendant TIA BRYANT's tirade, harassment, threats of violence and retaliation and again plaintiff GREGORY SHERRILL pleaded for immediate intervention and prompt action to stop the harassing conduct, explaining that he was extremely upset and emotionally distressed about the conduct of defendant TIA BRYANT.

68.     Notwithstanding plaintiff GREGORY SHERRILL's requests for help to his supervisor, defendant HECTOR MOJICA, and the continued harassment of defendant TIA BRYANT, the name calling and harassing conduct did not stop.

69.     The failure of defendant HECTOR MOJICA to take prompt and appropriate action was compounding the problem rather than remediating it and emboldened defendant TIA BRYANT.

70.     Plaintiff GREGORY SHERRILL was distraught and again told his supervisor, defendant

HECTOR MOJICA, what had happened and that he was going to report the harassment and retaliation to the City of Hoboken's Affirmative Action Officer. Plaintiff GREGORY SHERRILL also advised defendant HECTOR MOJICA that he would advise the City of Hoboken's Affirmative Action Officer of the failure of Supervisor MOJICA to take prompt and appropriate remedial action.

71.      At the time, defendant KIMBERLEY WILSON was the Affirmative Action Officer and defendant QUENTIN WIEST and defendant MELLISSA LONGO, who was defendant KIMBERLEY WILSON's boss, were members of the Affirmative Action Panel.

72.      Because his supervisor, defendant HECTOR MOJICA, was not doing anything to stop the harassment, plaintiff GREGORY SHERRILL went to City Hall to report the situation to defendant KIMBERLEY WILSON and seek assistance.

73.      While he was in the Hoboken City Hall on his way to report the harassment of defendant TIA BRYANT and the failure of defendant HECTOR MOJICA to take prompt and appropriate remedial action to end the discrimination and harassment, he encountered defendant JOHN MORGAN and defendant HECTOR MOJICA; defendant HECTOR MOJICA asked plaintiff GREGORY SHERRILL in a threatening manner what he was doing in City Hall.

74.      Plaintiff GREGORY SHERRILL explained to defendant JOHN MORGAN and defendant HECTOR MOJICA he was there to report to defendant CITY OF HOBOKEN's Affirmative Action Officer defendant KIMBERLEY WILSON the hateful, harassing, homophobic and anti-gay statements of defendant TIA BRYANT, as well as defendant TIA BRYANT threats of retaliation for reporting her to defendant HECTOR MOJICA and the failure of defendant HECTOR MOJICA to take prompt and appropriate remedial action

14

75.     Plaintiff GREGORY SHERRILL reported the incident regarding defendant TIA BRYANT's anti-gay attacks, her threats of retaliation and the lack of prompt and appropriate action by defendant JOHN MORGAN and defendant HECTOR MOJICA to stop the attacks to defendant CITY OF HOBOKEN's Affirmative Action Officer, defendant KIMBERLEY WILSON.

76.     Shortly after plaintiff reported the harassing conduct of defendant TIA BRYANT and the failure of defendants HECTOR MOJICA and JOHN MORGAN to take prompt and appropriate remedial action to defendant CITY OF HOBOKEN's Affirmative Action Officer, defendant KIMBERLEY WILSON, defendant HECTOR MOJICA called plaintiff by telephone and advised him that a woman claimed MR. SHERRILL struck her hand while he was operating his Cushman vehicle on Washington Street earlier that morning as she was getting into a taxi cab.

77.     Plaintiff told defendant HECTOR MOJICA no such incident had occurred.

78.     Defendant CITY OF HOBOKEN's Affirmative Action Officer, defendant KIMBERLEY WILSON, told plaintiff GREGORY SHERRILL to put the complaint he brought to her attention on April 10, 2014 in writing, which he did.

79.     The written complaint of Gregory Sherrill dated April 11, 2014 was assigned Complaint Number AA-004-2014 by defendant KIMBERLEY WILSON.

80.     The City of Hoboken's Affirmative Action Officer, defendant KIMBERLEY WILSON, was obligated under the City of Hoboken Affirmative Action Policy to notify defendant MELLISSA LONGO and defendant QUENTIN WIEST of plaintiff GREGORY SHERRILL's claim of discrimination, harassment and retaliation.

81.    After defendant KIMBERLEY WILSON assigned plaintiff GREGORY SHERRILL's April 11, 2014 Complaint Number AA-003-2014, defendant QUENTIN WIEST, the City of Hoboken's Business Administrator and a member of the Affirmative Action Panel, issued disciplinary charges against plaintiff GREGORY SHERRILL which were prepared by defendant MELLISSA LONGO, also a member of the Affirmative Action Panel, and sought to terminate plaintiff GREGORY SHERRILL's employment.

82.    On April 16, 2014, plaintiff GREGORY SHERRILL received a Notice of Disciplinary Action alleging that plaintiff struck a pedestrian's hand while operating a City of Hoboken Cushman vehicle at approximately 8:30 a.m. on April 10, 2014, something that never happened.

83.    Defendants HECTOR MOJICA, JOHN MORGAN, MELLISSA LONGO, KIMBERLEY WILSON and QUENTIN WIEST are each responsible for either initiating, reviewing, and/or authorizing this disciplinary action against plaintiff GREGORY SHERRILL.

84.    The Notice of Disciplinary Action plaintiff GREGORY SHERRILL received was initiated by defendant HECTOR MOJICA and reviewed and approved by defendant JOHN MORGAN, and forwarded to defendant MELLISSA LONGO for review, approval and action and signed by defendant QUENTIN WIEST.

85.    The disciplinary charges prepared by defendant MELLISSA LONGO and signed by defendant QUENTIN WIEST seeking to terminate plaintiff GREGORY SHERRILL's employment were in retaliation against plaintiff GREGORY SHERRILL for opposing practices and acts forbidden under the NJLAD and in retaliation against plaintiff GREGORY SHERRILL for filing complaints of discrimination, harassment and retaliation.

86.     The disciplinary charges against plaintiff GREGORY SHERRILL were initiated by defendant HECTOR MOJICA and reviewed and approved by defendant JOHN MORGAN, and forwarded to defendant MELLISSA LONGO for review, approval and action and signed by defendant QUENTIN WIEST also aided and encouraged defendant TIA BRYANT in her discrimination, harassment and retaliation of plaintiff GREGORY SHERRILL.

87.     Defendant KIMBERLEY WILSON signed plaintiff GREGORY SHERRILL's Complaint dated April 11, 2014, Complaint Number AA-004-2014, on April 24, 2016.

88.     Again, the City of Hoboken Affirmative Action Officer, defendant KIMBERLEY WILSON, was obligated under the City of Hoboken Affirmative Action Policy to notify defendant MELLISSA LONGO and defendant QUENTIN WIEST of plaintiff GREGORY SHERRILL's claim of discrimination, harassment and retaliation.

89.     On April 25, 2016, the day after defendant KIMBERLEY WILSON signed plaintiff GREGORY SHERRILL's April 11, 2014 Complaint Number AA-004-2014, defendant QUENTIN WIEST, the City of Hoboken's Business Administrator and a member of the Affirmative Action Panel, signed off on additional disciplinary charges prepared by defendant MELLISSA LONGO.

90.     The second set of disciplinary charges were also prepared by defendant MELLISSA LONGO and signed by defendant QUENTIN WIEST, each members of the Affirmative Action Panel, and also sought to terminate plaintiff GREGORY SHERRILL's employment.

91.     The second set of disciplinary charges brought against plaintiff GREGORY SHERRILL were also in retaliation against plaintiff GREGORY SHERRILL for opposing practices and acts forbidden under the NJLAD and were also in retaliation against plaintiff GREGORY

17

SHERRILL because he filed complaints of discrimination, harassment and retaliation.

92.     The second set of disciplinary charges against plaintiff GREGORY SHERRILL were initiated by defendant HECTOR MOJICA, reviewed and approved by defendant JOHN MORGAN, and forwarded to defendant MELLISSA LONGO for review, approval and action and signed by defendant QUENTIN WIEST, also aided, abetted and encouraged defendant TIA BRYANT in her discrimination, harassment and retaliation of plaintiff GREGORY SHERRILL.

93.     Defendant KIMBERLEY WILSON was obligated under defendant CITY OF HOBOKEN's Affirmative Action Policy to conduct an immediate investigation "thoroughly and promptly" and to provide her investigation report and supporting documentation to the Affirmative Action Panel for review.

94.     Defendant KIMBERLEY WILSON failed to conduct an immediate investigation of plaintiff GREGORY SHERRILL's April 1, 2014 discrimination Complaint Number AA-003-2012 or the April 11, 2014 discrimination Complaint Number AA-004-2014; defendant WILSON failed to conduct the investigations "thoroughly and promptly" and failed to recommend or take remedial action.

95.     Defendant CITY OF HOBOKEN's Affirmative Action Policy provides that the Affirmative Action Review Panel is required to issue a final determination regarding the Complaint within forty-five (45) days of the Complaint.

96.     On April 25, 2014, a hearing was held before defendant JON TOOKE, Public Safety Director of defendant CITY OF HOBOKEN, with regard to the Notice of Disciplinary Action plaintiff GREGORY SHERRILL received which was initiated by defendant HECTOR MOJICA, reviewed and approved by defendant JOHN MORGAN, forwarded to defendant MELLISSA

LONGO for review, approval and action and authorized and signed by defendant QUENTIN WIEST.

97.    Defendant JON TOOKE, Public Safety Director of defendant CITY OF HOBOKEN, was unilaterally chosen by the employer defendant CITY OF HOBOKEN as Hearing Officer through the actions of defendants DAWN ZIMMER, MELLISSA LONGO and QUENTIN WIEST and others as a continuing investigation may disclose.

98.    At the conclusion of the hearing on April 25, 2014, defendant JON TOOKE announced he was going to reconvene the hearing for a second day in order to afford plaintiff the ability to present his case.

99.    Defendant JON TOOKE failed to reconvene the hearing.

100.    Plaintiff GREGORY SHERRILL's ability to defend himself against defendants' retaliatory charges was, accordingly, prejudiced.

101.    Immediately after the April 25, 2014 hearing, plaintiff GREGORY SHERRILL received another Notice of Disciplinary Action inaccurately alleging that at 8:15 a.m. on April 10, 2014 (fifteen (15) minutes earlier than the alleged incident involving the Cushman vehicle), plaintiff had engaged in a verbal altercation with defendant TIA BRYANT.

102.    On that charge, plaintiff GREGORY SHERRILL was given a hearing date of May 9, 2014.

103.    Because of the emotional distress and stress resulting from these work place incidents, plaintiff's doctor ordered plaintiff to avoid the workplace and on April 30, 2014 plaintiff went to the Personnel Department and provided his doctor's note.

104.    The next day, May 1, 2014, while plaintiff GREGORY SHERRILL was at his home re-

covering pursuant to his doctor's order, a representative of defendant CITY OF HOBOKEN and a Hoboken Police Officer came to plaintiff's home and served him with a notice dated April 30, 2014 stating he was terminated from his job for conduct he engaged in on April 10, 2014.

105.    No other employee of defendant CITY OF HOBOKEN has been terminated for being in an accident unless drugs were involved and other employees engaging in more serious infractions have not been terminated.

106.    Since defendants terminated plaintiff's employment effective April 30, 2014, the May 9, 2014 hearing on the second charge never took place, nor did the second day of the hearing on the first charge.

107.    After plaintiff GREGORY SHERRILL was terminated, he applied for unemployment benefits.

108.    In response, defendant MICHAEL KORMAN, as Personnel Director on behalf of defendant CITY OF HOBOKEN, opposed plaintiff GREGORY SHERRILL's application, claiming plaintiff had engaged in "severe misconduct" and a "willful and deliberate disregard of the standards of behavior" on the job on April 10, 2014 that disqualified plaintiff from receiving unemployment benefits.

109.    As a result, plaintiff was denied unemployment benefits on the grounds that plaintiff had engaged in willful misconduct.

110.    Plaintiff GREGORY SHERRILL was required to obtain counsel and appeal the denial.

111.    After a hearing where defendant CITY OF HOBOKEN and plaintiff GREGORY SHERRILL had an opportunity to present evidence, the Hearing Officer found plaintiff was

entitled to unemployment benefits and did not engage in misconduct as alleged by defendant CITY OF HOBOKEN.

112.    Subsequent to his wrongful termination, plaintiff GREGORY SHERRILL sought to recover the contributions he made to the New Jersey Public Employees' Retirement System which required defendant CITY OF HOBOKEN to authorize such reimbursement.

113.    Defendant MELLISSA LONGO, as Corporation Counsel on behalf of defendant CITY OF HOBOKEN, refused to authorize and/or allow others to authorize the release of the contributions plaintiff GREGORY SHERRILL made to the New Jersey Public Employees' Retirement System.

114.    Defendant NITA RAVAL was assigned the responsibility of performing the functions of Affirmative Action Officer for defendant CITY OF HOBOKEN in or about August 2014.

115.    Defendant NITA RAVAL wrote to plaintiff GREGORY SHERRILL on November 24, 2014 advising him it was "IMPERATIVE" that she speak to him regarding his complaint of discrimination, harassment and retaliation and stating falsely she had made several attempts to contact plaintiff GREGORY SHERRILL to no avail.

116.    A copy of defendant NITA RAVAL's November 24, 2014 letter was provided to Defendant MELLISSA LONGO.

117.    Defendant NITA RAVAL refused to respond to letters from plaintiff GREGORY SHERRILL's attorney responding to her letters to plaintiff GREGORY SHERRILL.

118.    Defendant NITA RAVAL failed to comply with her obligations as Affirmative Action Officer to thoroughly and promptly investigate plaintiff GREGORY SHERRILL's complaints of discrimination, harassment and retaliation and failed to recommend and take remedial ac-

tion to address plaintiff GREGORY SHERRILL's complaints of discrimination, harassment and retaliation.

119. By failing to meet her obligations under defendant City of Hoboken's Affirmative Action policy and by writing the letter falsely stating she had made several attempts to reach plaintiff GREGORY SHERRILL and by copying defendant MELLISSA LONGO on the letter, defendant NITA RAVAL engaged in unlawful retaliation against plaintiff GREGORY SHERRILL for opposing practices and acts forbidden under the NJLAD and in retaliation against plaintiff GREGORY SHERRILL because he filed complaints of discrimination, harassment and retaliation.

120. Further, by her acts and omissions, defendant NITA RAVAL aided, abetted and encouraged defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST and KIMBERLEY WILSON in their discrimination, harassment and retaliation of plaintiff GREGORY SHERRILL.

121. Similarly, by her acts and omissions, defendant KIMBERLEY WILSON aided, abetted and encouraged defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST and NITA RAVAL in their discrimination, harassment and retaliation of plaintiff GREGORY SHERRILL.

122. Neither defendant KIMBERLEY WILSON nor defendant NITA RAVAL met their obligations as set forth in defendant CITY OF HOBOKEN's Affirmative Action policy to immediately investigate all claims of discrimination, harassment and retaliation and to report findings and documentation to the Affirmative Action Officer.

123. Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, MELLISSA

LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON and NITA RAVAL have retaliated against other employees for complaining about discrimination, harassment and/or retaliation or supporting those who have complained about discrimination, harassment and/or retaliation.

124.    Kim Alston used to work with defendant HECTOR MOJICA when they were both Parking Enforcement Officers so, on April 29, 2014, she went to him to try to help plaintiff GREGORY SHERRILL, who she honestly felt was going to be fired because he complained about being discriminated and retaliated against.

125.    Kim Alston spoke to defendant HECTOR MOJICA about plaintiff GREGORY SHERRILL and told him what was happening was wrong. Kim Alston asked him to do the right thing and stop what was happening. Defendant HECTOR MOJICA told Kim Alston to "shut up."

126.    In her conversation with defendant HECTOR MOJICA, on April 29, 2014, Kim Alston opposed and protested the treatment of plaintiff GREGORY SHERRILL which she believed to be, and which was, unlawful under the NJLAD.

127.    Disciplinary charges were brought against Kim Alston to send a message that those who complain about discrimination, harassment and retaliation, conduct that is unlawful under the NJLAD, will be punished.

128.    During Kim Alston's conversation with defendant HECTOR MOJICA, defendant HECTOR MOJICA tried to intimidate Kim Alston. When Kim Alston told defendant HECTOR MOJICA he should stand up for what is right, defendant HECTOR MOJICA told her she didn't know what she was talking about and to "shut up".

23

129.    Rather than discuss the matter, defendant HECTOR MOJICA said: "get away from me" in a demeaning and threatening manner and "shut up" when all Kim Alston wanted to do was to get HECTOR MOJICA to stop retaliating against plaintiff GREGORY SHERRILL and to stop the other defendants from doing the same.

130.    No disciplinary action was taken against defendant HECTOR MOJICA for his intimidating, unprofessional and demeaning conduct and language toward Kim Alston.

131.    Defendant CITY OF HOBOKEN's Affirmative Action Policy required defendant HECTOR MOJICA to report Kim Alston's complaint to defendant KIMBERLEY WILSON who would have reported it to defendant MELLISSA LONGO and defendant QUENTIN WIEST.

132.    Rather than investigating the complaint Kim Alston made, defendants served her with a Preliminary Notice of Disciplinary Action which was initiated by defendant HECTOR MOJICA, reviewed and approved by defendant JOHN MORGAN, authorized and prepared by defendant MELLISSA LONGO and signed by defendant QUENTIN WIEST.

133.    The proposed penalty of thirty (30) days' suspension and a demotion was far in excess of penalties sought or imposed in the past on employees engaging in what defendants alleged Kim Alston's actions to be, insubordinate conduct.

134.    In fact, defendant HECTOR MOJICA was insubordinate to Joel Mestre a few weeks after Kim Alston's conversation with defendant HECTOR MOJICA when defendant HECTOR MOJICA disobeyed a direct order given to him by Joel Mestre regarding a public safety matter and defendant HECTOR MOJICA threatened Mr. Mestre with physical violence.

135.    Defendants JOHN MORGAN, MELLISSA LONGO and QUENTIN WIEST were advised of defendant HECTOR MOJICA's insubordination and physical threats and were requested to

24

take disciplinary action against defendant HECTOR MOJICA.

136.    Defendants JOHN MORGAN, MELLISSA LONGO and QUENTIN WIEST refused to take disciplinary action against defendant HECTOR MOJICA until Mr. Mestre advised them he would file a criminal complaint against defendant HECTOR MOJICA if they refused to act.

137.    The disciplinary action brought against defendant HECTOR MOJICA sought only a six (6) day suspension as a penalty.

138.    Thus, defendant HECTOR MOJICA engaged in more egregious misconduct than that alleged against plaintiff GREGORY SHERRILL and Kim Alston and was suspended just six (6) days as compared to the thirty (30) day suspension imposed upon Kim Alston.

139.    Similarly, the termination of plaintiff GREGORY SHERRILL's employment for allegedly being in a motor vehicle accident was unprecedented in its severity in that defendants have never terminated an employee under similar circumstances.

140.    Up until April 29, 2014 when Kim Alston suffered the intimidation, threats and humiliation by defendant HECTOR MOJICA, she had been interviewed for a transfer to a better position and was told she had been selected for the position.

141.    Subsequently, defendant QUENTIN WIEST, the Business Administrator for defendant CITY OF HOBOKEN, in concert with the other defendants, brought disciplinary charges against plaintiff for insubordination and sought a penalty of thirty (30) days' suspension and a demotion, thereby actively and purposefully supporting the unlawful conduct of defendant HECTOR MOJICA.

142.    Defendant JOHN MORGAN was responsible for considering the facts and exercising discretion on behalf of defendant CITY OF HOBOKEN as to the charges against Kim Alston

and insisted upon a penalty of thirty (30) days' suspension and a demotion, thereby actively and purposefully supporting the unlawful conduct of defendant HECTOR MOJICA.

143.   Defendant MELLISSA LONGO, Corporation Counsel for defendant CITY OF HOBOKEN, was responsible for preparing disciplinary charges initiated by HECTOR MOJICA and defendant JOHN MORGAN against Kim Alston and in doing so she actively and purposefully supported the unlawful conduct of defendant HECTOR MOJICA.

144.   Specifically, defendant MELLISSA LONGO issued a directive that plaintiff not be given a transfer to a preferred assignment.

145.   Upon information and belief, no employee has received a thirty (30) day penalty for insubordination as was imposed on Kim Alston.

146.   Kim Alston, like plaintiff GREGORY SHERRILL, was punished for speaking out against discrimination, harassment and retaliation engaged in, facilitated and tolerated by defendants.

147.   Retaliation against employees of defendant CITY OF HOBOKEN is so evident that defendants have a pattern and practice of retaliating against and punishing employees who complain of discrimination and/or support others who make such complaints in direct contravention of the law and defendant CITY OF HOBOKEN's own anti-discrimination, anti-harassment and anti-retaliation policy.

148.   Such unlawful conduct is the inevitable result when the people who are charged with overseeing defendant CITY OF HOBOKEN's policies, investigating discrimination and taking prompt remedial action, such as defendants MELLISSA LONGO and QUENTIN WIEST, are also in charge of discipline.

149.   Thus, defendants know of complaints of discrimination and charge the complainants

with discipline infractions. The discipline leads to firing the employee who complained, like plaintiff GREGORY SHERRILL, or severely disciplining the employee, like Kim Alston.

150.    The message to defendant CITY OF HOBOKEN employees is clear: do not complain of discrimination, harassment or retaliation or you will suffer retaliation.

151.    By their acts and omissions as set forth above and as developed through further discovery, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 aided, abetted and encouraged the other defendants in their discrimination, harassment and retaliation of plaintiff GREGORY SHERRILL and acted jointly to harm plaintiff GREGORY SHERRILL and deprive him of his civil, constitutional and statutory rights.

152.    By their acts and omissions as set forth above, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 failed in their responsibility as set forth in defendant CITY OF HOBOKEN's Affirmative Action Policy to eliminate discrimination, harassment and retaliation from the workplace and failed in their responsibility to supervise, review and make a determination as to the claims of discrimination, harassment and each engaged in retaliation against plaintiff GREGORY SHERRILL by, among other things, bringing disciplinary actions against him and terminating his employment.

153.    As a result of the failure of defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL

KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 to properly adhere to, supervise and/or enforce defendant CITY OF HOBOKEN's Affirmative Action Policy, plaintiff was further victimized and his employment was terminated.

154.    These failures of defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 were in retaliation against plaintiff GREGORY SHERRILL for opposing practices or acts that are unlawful under the NJLAD, *i.e.*, complaining about, or protesting against, discrimination in the workplace, as well as for filing a Complaint pursuant to the NJLAD.

155.    Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 knew and/or should have known of prior discrimination, retaliation and misconduct engaged in by employees and knew or should have known of the unlawful and discriminatory conduct, hostile work environment and retaliation that persists in the CITY OF HOBOKEN but they have been deliberately indifferent to it and have negligently and/or intentionally permitted the unlawful and discriminatory conduct to persist by failing to make sure prospective employees of defendant CITY OF HOBOKEN were properly screened before hiring, failing to make sure defendant CITY OF HOBOKEN employees were properly trained and failing to make sure defendant CITY OF HOBOKEN employees were properly supervised regarding defendant CITY OF HOBOKEN's written anti-discrimination, anti-retaliation and anti-harassment policies and by failing to take prompt and appropriate remedial action when discrimination, harassment and retaliation

takes place.

156.    As set forth above, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 have failed to execute, monitor and enforce defendant CITY OF HOBOKEN's written anti-discrimination policies in the workplace.

157.    As set forth above, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 have acted in conformance with a custom, practice and unwritten policy of discriminating, harassing and retaliating against employees for complaining about and/or supporting others who complain about discrimination, harassment and retaliation.

158.    As set forth above, defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 engaged in a civil conspiracy with each other by acting in concert and agreeing to discriminate, harass and retaliate or allow such conduct against plaintiff GREGORY SHERRILL and by depriving him of rights protected by the United States Constitution, the New Jersey Constitution and laws, which has inflicted a wrong against and injury upon plaintiff GREGORY SHERRILL.

## FIRST COUNT
### VIOLATIONS OF THE NEW JERSEY LAW AGAINST DISCRIMINATION

159.    Plaintiff GREGORY SHERRILL hereby repeats and realleges and incorporates by refer-

ence the above paragraphs of this Complaint as if fully set forth here.

160.    Defendant CITY OF HOBOKEN and defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 were, at all relevant times, employers of plaintiff because they were authorized to make tangible employment decisions regarding plaintiff GREGORY SHERRILL and were authorized to make decisions about plaintiff GREGORY SHERRILL's day-to-day work activities.

161.    Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 are members of upper management and actually participated in, and/or were willfully indifferent to, the wrongful treatment of plaintiff GREGORY SHERRILL.

162.    Defendants JOHN DOES 1 to 10 are agents, servants and employees of defendants who deprived plaintiff of his civil rights by discriminating against him because of his race and sexual orientation and creating a racially hostile work environment, by retaliating against him and by depriving him of his right to due process.

163.    Plaintiff GREGORY SHERRILL is African American and gay and is, therefore, a protected class member as defined by the NJLAD.

164.    Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10, individually, jointly and in the alternative took adverse action against plaintiff and/or allowed others to take adverse action

based on plaintiff's protected status.

165.   At all pertinent times, plaintiff GREGORY SHERRILL was unlawfully discriminated against and harassed on the basis of his protected status by defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10.

166.   As a consequence of this discrimination, retaliation and harassment by defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10, plaintiff has sustained compensatory and consequential damages, has incurred costs of suit and attorneys' fees, and is entitled to such other remedies as statutorily allowed by the NJLAD, 42 U.S.C. § 1983 and 42 U.S.C. § 1988.

167.   Punitive damages are appropriate because discrimination and harassment on the basis of sexual orientation, such as that the defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 have engaged in, permitted and/or condoned, is intentional and deliberate conduct which has no degrees. It is, in and of itself, outrageous conduct, an expression of malice, and is peculiarly repugnant in a society that prides itself in judging each individual on his or her own merits.

168.   The conduct of defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 jointly and indi-

vidually, is especially egregious, wantonly reckless and/or malicious inasmuch as they are members of upper management and they actually participated in the unlawful conduct.

169. Defendants DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 are sued here in their individual and official capacities and an award of punitive damages against them is particularly appropriate.

## SECOND COUNT
### VIOLATIONS OF THE NEW JERSEY CIVIL RIGHTS ACT AND THE CONSTITUTION OF NEW JERSEY

170. Plaintiff GREGORY SHERRILL hereby repeats and realleges and incorporates by reference the above paragraphs of this Complaint as if fully set forth here.

171. Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10, acting under color of state law jointly and individually and acting jointly and severally, have deprived plaintiff GREGORY SHERRILL of rights secured by the New Jersey Constitution, the laws of New Jersey and the New Jersey Civil Rights Act.

172. As set forth more fully above, plaintiff GREGORY SHERRILL was deprived by defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 of his right to substantive due process and/or equal protection, and/or substantive rights, privileges or immunities secured by the Constitution and/or laws of this State and his exercise or enjoyment of those substantive rights,

privileges and/or immunities has been interfered with and/or attempted to be interfered with, by threats, intimidation or coercion by defendants who are persons acting under color of law.

### THIRD COUNT
### VIOLATIONS OF 42 U.S.C. § 1983

173.   Plaintiff GREGORY SHERRILL hereby repeats and realleges and incorporates by reference the above paragraphs of this Complaint as if fully set forth here.

174.   Plaintiff GREGORY SHERRILL was brought up on charges and directed to attend a hearing at which defendant JON TOOKE presided.

175.   After the first day of the hearing, defendant JON TOOKE stated the hearing would reconvene so plaintiff could present his defense.

176.   Nevertheless, acting in concert with defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10, defendant JON TOOKE cancelled the second day of the hearing and did not give plaintiff GREGORY SHERRILL a sufficient opportunity to present a defense.

177.   Plaintiff GREGORY SHERRILL was subsequently terminated by defendants.

178.   As set forth more fully above, plaintiff GREGORY SHERRILL was deprived by defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 of his right to procedural and/or substantive due process and/or equal protection, and/or substantive rights, privileges or immunities secured by the Constitution and/or laws of the United States, including the Fourteenth

33

Amendment, and his exercise or enjoyment of those substantive rights, privileges and/or immunities has been interfered with and/or attempted to be interfered with, by threats, intimidation or coercion by defendants who are persons acting under color of law.

## FOURTH COUNT
### BREACH OF THE COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED IN EVERY CONTRACT

179.   Plaintiff GREGORY SHERRILL hereby repeats and realleges and incorporates by reference the above paragraphs of this Complaint as if fully set forth here.

180.   The facts as stated above set forth the elements of a breach of the covenant of good faith and fair dealing implied in every contract.

181.   Defendants CITY OF HOBOKEN, DAWN ZIMMER, JOHN MORGAN, HECTOR MOJICA, TIA BRYANT, MELLISSA LONGO, JON TOOKE, MICHAEL KORMAN, QUENTIN WIEST, KIMBERLEY WILSON, NITA RAVAL and JOHN DOES 1-10 breached the covenant of good faith and fair dealing owed to plaintiff GREGORY SHERRILL.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff GREGORY SHERRILL demands judgment against defendants, individually and jointly, for:

a. Compensatory damages; and

b. Consequential damages; and

c. Punitive damages (pecuniary and nonpecuniary), including but not limited to damages for extreme and intentional/negligent infliction of mental and emotional anguish, humiliation, anxiety, and distress; and

d. Reasonable attorneys' fees, costs and expenses incurred as a result of the

defendants' wrongful acts, as provided for by the NJLAD, NJCRA and 42 U.S.C. § 1988; and

e. Equitable relief, including restoring plaintiff to employment and removing from plaintiff's record reference to disciplinary actions and matters motivated by retaliation against plaintiff for filing a claim of discrimination and harassment that violates the NJLAD, NJCRA and 42 U.S.C. § 1983 and restoring to plaintiff benefits lost as a result of these disciplinary actions and matters; and

e. Such other general or specific relief and damages, both at law and in equity, to which plaintiff may be justly entitled pursuant to Constitutional provision, statute or common law, including injunctive relief preventing defendants from continuing to retaliate against plaintiff.

Respectfully submitted,

LAW OFFICE OF DONALD F. BURKE
Attorneys for Plaintiff
GREGORY SHERRILL


By: s/ Donald F. Burke
Donald F. Burke, Esq.

Dated: March 14, 2017

## DEMAND FOR JURY TRIAL

Plaintiff GREGORY SHERRILL demands a trial by Jury as to the claims.

## CERTIFICATION OF NO OTHER ACTIONS

The matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to

the best of our knowledge or belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action other than those identified as JOHN DOE defendants. In addition, we recognize the continuing obligation of each party to file and serve on all parties and the court an amended Certification if there is a change in the facts stated in this original Certification.

## DEMAND FOR PRODUCTION OF STATEMENTS

Plaintiff demands true and complete copies of any statements made by him. This demand is deemed to be continuing.

## DESIGNATION OF TRIAL ATTORNEY

DONALD F. BURKE, ESQUIRE, is hereby designated as trial counsel in the above-captioned action on behalf of plaintiff.

Respectfully submitted,

LAW OFFICE OF DONALD F. BURKE
Attorneys for Plaintiff
GREGORY SHERRILL


By: s/ Donald F. Burke
    Donald F. Burke, Esq.

Dated: March 14, 2017

36