Not for Publication

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| GREGORY SHERRILL, | Civil Action No. 16-3092 (ES) (MAH) |
| Plaintiff, | OPINION |
| v. |  |
| CITY OF HOBOKEN, et al., |  |
| Defendants. |  |

**SALAS, DISTRICT JUDGE**

Before the Court is Plaintiff Gregory Sherrill's ("Plaintiff") appeal (D.E. No. 79), pursuant to Federal Rule of Civil Procedure 72(a) and Local Civil Rule 72.1(c) of Magistrate Judge Michael A. Hammer's February 21, 2018 Order (D.E. No. 54, ("Order")), denying Plaintiff's motion to compel certain discovery. Plaintiff also appeals the April 9, 2018 Order denying Plaintiff's motion for reconsideration (D.E. No. 73). Having considered the parties' submissions, the Court decides the matter without oral argument. *See* Fed. R. Civ. P. 78(b). For the reasons below, the Court AFFIRMS the Magistrate Judge's Orders.

**I.     Background**

Plaintiff was employed by Defendant City of Hoboken as a Parking Enforcement Officer in the Transportation and Parking Department from February 1, 2011, until his termination on April 30, 2014. (D.E. No 66, Fifth Amended Complaint ("Compl.") ¶¶ 1 & 22). Plaintiff alleges that around April 1, 2014, he filed a discrimination complaint pursuant to the City of Hoboken's written Affirmative Action/Anti-Harassment Policy, against John Morgan ("Mr. Morgan"), Hoboken's director of the Department of Transportation. (*Id*. ¶ 69). Plaintiff further alleges, that

on April 10, 2014, Tia Bryant ("Ms. Bryant"), also a parking enforcement officer, made derogatory remarks to Plaintiff in reference to his sexual orientation. (*Id*. ¶ 74-76). Plaintiff alleges he complained of Ms. Bryant's conduct to Hector Mojica ("Mr. Mojica"), who at the time was Hoboken's supervisor of parking enforcement, asking for immediate intervention. (*Id*. ¶ 5 & 77). However, Plaintiff alleges that despite Mr. Mojica's representation that he would take action, Ms. Bryant continued to harass Plaintiff. (*Id*. ¶¶ 78-79). He further alleges that Mr. Mojica failed to take prompt and appropriate action to put an end to the harassment. (*Id*. ¶ 82). Thereafter, Plaintiff alleges he went to City Hall to report Ms. Bryant's harassing conduct and Mr. Mojica's failure to take prompt and appropriate remedial action. (*Id*. ¶ 86). While Plaintiff was at City Hall, he alleges he encountered Mr. Morgan and Mr. Mojica, who asked, in a "threatening manner," what he was doing at City Hall. (*Id*.). Plaintiff alleges he explained to Mr. Morgan and Mr. Mojica that he was at City Hall to report the discriminatory and harassing conduct he had been experiencing. (*Id*. ¶ 87).

Plaintiff further alleges that soon after he filed his complaint, Mr. Mojica told him that someone identified as Chantal Figueroa complained that Plaintiff had struck her hand while he was driving. (*Id*. ¶ 90; s*ee* Pl. Mov. Br. at 9).[1] Plaintiff denied the allegation. (Compl. ¶ 91). On August 25, 2014, Plaintiff attended a disciplinary action hearing for his alleged conduct regarding Ms. Figueroa's complaint. (*See id*. ¶ 110). Plaintiff alleges that immediately after the hearing, he received another notice of disciplinary action alleging that he engaged in a verbal altercation with Ms. Bryant. (*Id*. ¶ 116). On that charge, he was given another hearing date for May 9, 2014. (*Id*. ¶ 117). However, Plaintiff alleges that because of the emotional distress and stress resulting from his workplace incidents, his physician ordered him to avoid the workplace. (*Id*. ¶ 118). Plaintiff

---

[1] The page numbers in this Opinion represent ECF-generated page numbers.

further alleges that on May 1, 2014 he received a notice of termination dated April 30, 2014, for his alleged conduct on April 10, 2014. (*Id*. ¶ 120).

Plaintiff alleges he was wrongfully terminated after complaining to Mr. Morgan about the discriminatory and harassing conduct Defendants City of Hoboken, et al., ("Defendants") towards him. (D.E. No. 79-5, Plaintiff's Brief in Support of Appeal of Magistrate Judge's Order ("Pl. Mov. Br.") at 9-10). Defendants allege that Plaintiff was terminated because of Mr. Tooke's recommendations and findings at the hearing for Plaintiff's conduct on April 10, 2014. (*Id*. at 13).

On February 21, 2018, the Magistrate Judge denied Plaintiff's motion to compel the cell phone records of Mr. Mojica and Mr. Morgan for the period between April 10, 2014 to April 29, 2014 (the "cell phone records") and denied Plaintiff's request for discovery of the files of disciplinary matters as to which Mr. Tooke was a hearing officer (the "disciplinary files"). (D.E. No. 54 ¶¶ 2 & 3). On April 9, 2018, Plaintiff brought a motion for reconsideration of the February 21, 2018 Order which was denied. (D.E. Nos. 57 & 73). Plaintiff filed this appeal on April 23, 2018. (D.E. No. 79).

## II. Legal Standard

A United States Magistrate Judge may hear and determine any non-dispositive pretrial matter pending before the Court. 28 U.S.C. § 636(b)(1)(A). The district court will reverse a magistrate judge's decision on these matters only if it is "clearly erroneous or contrary to law." *Id*.; Federal Rule of Civil Procedure 72(a); Local Civil Rule 72.1(c)(1)(A). Therefore, "this Court will review a magistrate judge's findings of fact for clear error." *Lithuanian Commerce Corp. v. Sara Lee Hosiery*, 177 F.R.D. 205, 213 (D.N.J. 1997) (citing *Lo Bosco v. Kure Eng'g Ltd*., 891 F. Supp. 1035, 1037 (D.N.J. 1995)). A finding is clearly erroneous when "although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction

that a mistake has been committed." *Anderson v. Bessemer City*, 470 U.S. 564, 573 (1985). Under this standard, the district court will not reverse the magistrate judge's determination, even in circumstances where the court might have decided the matter differently. *Luciano v. Teachers Ins. & Annuity Ass'n,* No. 15-6726, 2016 WL 4107688, at *2 (D.N.J. July 29, 2016). "A district judge's simple disagreement with the magistrate judge's findings is insufficient to meet the clearly erroneous standard of review." *Campoverde v. Lanigan*, No. 16-3305, 2018 WL 3873673, at *1 (D.N.J. Aug. 15, 2018) (quoting *Andrews v. Goodyear Tire & Rubber Co*., 191 F.R.D. 59, 68 (D.N.J. 2000). An order is contrary to law "when the magistrate judge has misinterpreted or misapplied the applicable law." *Doe v. Hartford Life & Accident Ins. Co*., 237 F.R.D. 545, 548 (D.N.J. 2006). A district court conducts a de novo review of legal conclusions. *See Cooper Hosp./Univ. Med. Ctr. v. Sullivan*, 183 F.R.D. 119, 127 (D.N.J. 1998) (citations omitted).

"Where the appeal seeks review of a matter within the exclusive authority of the Magistrate Judge, such as a discovery dispute, an even more deferential standard, the abuse of discretion standard, may be applied." *Experian Info. Sols., Inc. v. List Servs. Direct, Inc.*, No. 15-3271, 2018 WL 3993449, at *3 (D.N.J. Aug. 21, 2018). An abuse of discretion occurs "when the judicial action is arbitrary, fanciful or unreasonable, which is another way of saying that discretion is abused only where no reasonable [person] would take the view adopted by the trial court." *Ebert v. Twp. of Hamilton*, No. 15-7331, 2016 WL 6778217, at *2 (D.N.J. Nov. 15, 2016) (citations omitted).

### III. Analysis

In his appeal, Plaintiff argues that the Magistrate Judge clearly erred in denying his request to compel discovery because the requested discovery is well within the scope of discovery and

directly relevant to the claims. (Pl. Mov. Br. at 7-8).[2] Specifically, Plaintiff argues that access to the requested cell phone records is necessary to establish a timeline that may help determine when the Defendants communicated with each other with regard to the harassing conduct against Plaintiff and to establish proof of the photo Defendants allegedly received via text message regarding an accident allegedly involving Plaintiff. (*Id*. ¶¶ 11-12 & 17). Additionally, Plaintiff contends that access to the employee disciplinary files that Mr. Tooke maintained, are important to determine "whether the discipline imposed against Plaintiff here is in line with discipline in other cases." (*Id*. ¶ 34.) In opposition, Defendants argue that Plaintiff is merely re-arguing its motion to compel discovery. (D.E. No. 88, Defendants' Joint Brief in Opposition of Appeal ("Opp. Br.") at 5 & 10). Defendant argues that Plaintiff has failed to establish that the Magistrate Judge's decision was clearly erroneous, or contrary to law, and that Plaintiff's argument has no legal support. (*Id*. at 4). The Court agrees.

### A. Plaintiff's Motion to Compel Certain Discovery

In his opinion denying Plaintiff's motion to compel, the Magistrate Judge found that Plaintiff was not entitled to the requested discovery because Plaintiff's request was irrelevant to the claim and would produce "far more irrelevant material than relevant material." (D.E. No. 108, Oral Opinion Transcript ("Oral Op. Tr.") 9:8-10). Further, the Magistrate Judge held that Plaintiff's request for the disciplinary files was untimely and "far too broad and overreaching." (*Id*. 13:14-15).

---

[2] The Court notes that the Certification of Donald F. Burke filed in support of Plaintiff's appeal is replete with arguments of facts and law. (*See* D.E. No. 79-1 ¶¶ 6-8, 12-20, 23-26, 32-35 & 37). However, certifications are "restricted to statements of fact within the personal knowledge of the signatory. Arguments of facts and the law shall not be contained in such documents. Legal arguments and summations in such documents will be disregard by the court." L. Civ. R. 7.2(a). Further, Plaintiff failed to provide the Court with a transcript of "the hearing before the Magistrate Judge wherein findings of fact were made." L. Civ. R. 72(c)(1)(A). Counsel is reminded that the Local Rules are more than mere suggestions.

Plaintiff articulates no argument that Magistrate Judge's decision regarding the cell phone logs was contrary to law. Rather, Plaintiff merely re-argues the positions it took before the Magistrate Judge. (*Compare* Pl. Mov. Br. at 7-15, *with* D.E. No. 53, *and* D.E. No. 57). Plaintiff argues that he is entitled to the cell phone logs because it is relevant to establish a timeline, to receive information as to who spoke to whom, when conversations between Mr. Mojica and Mr. Morgan took place, and to establish whether Chantel Figueroa texted a photo of her hand to Mr. Mojica. (Pl. Mov. Br. at 8-9). The Magistrate Judge correctly denied this request, noting that Plaintiff seeks more irrelevant material than relevant material and "provides no satisfactory explanation of why those records would be relevant here." (Oral Op. Tr. 9:9-10 & 13-14). Plaintiff must articulate how the cell phone records are relevant to the subject matter of the action and proportional to the needs of the case. Fed. R. Civ. P. 26 (b)(1); *see, e.g.*, *Nat'l Union Fire Ins. Co. of Pittsburgh v. Becton, Dickinson & Co.*, No. 14-4318, 2018 WL 627378, at *4 (D.N.J. Jan. 30, 2018) (noting that "the burden remains on the party seeking discovery to show that the information sought is relevant to the subject matter of the action and may lead to admissible evidence"). Plaintiff fails to articulate such relevance.

As to the photo, the Magistrate Judge noted that "defendants have already unequivocally stated that they do not possess the photo from Ms. Figueroa and therefore, cannot produce it." (Oral Op. Tr. 10:21-23). He further notes that, Plaintiff fails to explain how the cell phone records would make it more or less likely that any such accident involving Chantel Figueroa was fabricated. (*Id*. at 9:23-10:1). A party cannot be required to produce records that it does not possess. *See* Fed. R. Civ. P. 34(a)(1) ("A party may serve on any other party a request…[for] items that are in responding party's possession, custody, control."). Thus, the Magistrate Judge correctly denied Plaintiff's request for the cell phone records.

Similarly, Plaintiff states he is entitled to the disciplinary files because Mr. Tooke's recommendations in other matters in which he was a hearing officer are directly relevant here. (Def. Mov. Br. at 10). The Magistrate Judge correctly denied Plaintiff's request as untimely and too broad and overreaching, "failing to specify a single specific individual or set of individuals whom he alleges received lesser sanctions for comparable misconduct allegations." (Oral Op. Tr. 13:14-18). Denying an untimely request is neither clear error nor contrary to law. Further, a judge has the discretion to limit over broad discovery requests. *See, e.g.*, *Raritan Baykeeper, Inc. v. NL Indus.*, No. 09-4117, 2015 WL 1472031 (D.N.J. Mar. 31, 2015) (ruling that the motion to compel plaintiffs' broad discovery request was not clearly erroneous or an abuse of discretion). Moreover, when the burden of a discovery request is likely to outweigh the benefits, Federal Rule of Civil Procedure 26(b)(2)(C) vests the District Court with the authority to limit a party's pursuit of otherwise discoverable information. *See Bayer AG v. Betachem, Inc.*, 173 F.3d 188, 191 (3d Cir. 1999).

As such, Plaintiff's appeal fails to show any reason why this Court should find the Magistrate Judge's decision regarding the disciplinary files is erroneous. In short, the Court will not disturb the Magistrate Judge's decision absent a specific showing that it was clearly erroneous. Plaintiff has failed to make such as showing. Plaintiff's appeal is denied.

B.    **Plaintiff's Motion for Reconsideration**

In his Order denying Plaintiff's motion for reconsideration, the Magistrate Judge stated that "Plaintiff's motion fails to articulate the matter or controlling decisions that Plaintiff contends the Court's February 21, 2018 overlooked." (D.E. No. 73). The Magistrate Judge further found that "Plaintiff's motion fails to identify a change in the controlling law, highlight the availability

of previously unavailable evidence or, explain the need to correct and obvious legal error to prevent manifest injustice." (*Id.*).

A plaintiff seeking reconsideration must demonstrate: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court issued its order; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *See Max's Seafood Cafe v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing N. *River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). The Court will grant a motion for reconsideration only where its prior decision has overlooked a factual or legal issue that may alter the disposition of the matter. *United States v. Compaction Sys. Corp.*, 88 F. Supp. 2d 339, 345 (D.N.J. 1999).

Here, Plaintiff's Brief in Opposition of the Magistrate Judge's Appeal comprises the same arguments made in his motion for reconsideration. (*See* Pl. Mov. Br. at 7-15). In the instant motion, Plaintiff neither demonstrates that there has been an intervening change in the controlling law, the availability of new evidence, nor the need to correct a clear error of law or fact to prevent manifest injustice. Appeals from Magistrate Judge are not a second bite of the apple and any motion that merely reargues or raises disagreement should be dealt with in the normal appellate process. *See Stepney v. Gilliard*, No. 02-5259, 2006 WL 2465421, at *1 (D.N.J. Aug. 21, 2006) (denying plaintiff's appeal of a Magistrate Judge's Order, noting that a motion for reconsideration should not provide the parties with an opportunity for a second bite at the apple). Motions that simply re-argue the original motion are routinely denied. *Altana Pharma AG v. Teva Pharm. USA*, Inc., No. 04-2355, 2009 WL 5818836, at *1 (D.N.J. Dec. 1, 2009).

This Court finds that Plaintiff has failed to articulate a legitimate basis for reconsideration.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's appeal is DENIED, and the Magistrate Judge's Letter Order is AFFIRMED. An appropriate Order accompanies this Opinion.

*s/Esther Salas*
**Esther Salas, U.S.D.J.**
